UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF WASHINGTON

LIZ JOHNSTON,

        Plaintiff,

        v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CASE NO.    C10-1639RSM

ORDER REVERSING AND
REMANDING CASE FOR
FURTHER ADMINISTRATIVE
PROCEEDINGS

Plaintiff, Liz Johnston, brings this action pursuant to 42 U.S.C. §§ 405(g), and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for Disability Insurance Benefits ("DIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f . The matter was fully briefed and after reviewing the record in its entirety, the United States Magistrate Judge submitted a Report and Recommendation (R&R) recommending that the Court reverse the Commissioner's decision as to whether Plaintiff could perform her past relevant work, and remand the matter for additional proceedings limited to that issue. Plaintiff objects to the Report and Recommendation and asks the Court to remand for payment of benefits, or in the alternative, remand the case for a new hearing where further evidence can be obtained as to all issues identified in her objections.

## STANDARD OF REVIEW

Upon objection, the Court is to review the Commissioner's decision *de novo* to determine whether

it is supported by substantial evidence and free of legal error. 28 U.S.C §636(b)(1). The Court may set aside the final decision of the Commissioner in denying a claim for Social Security Disability benefits when the findings are based on legal error or are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Martinez v. Heckler*, 807 F.2nd 771 ((th Cir. 1986). "Substantial evidence" means "more than a scintilla," but, "less than a preponderance." *Richardson v. Weinberger*, 514 F.2nd 1112, 1119 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 402 (1971). In determining whether there is substantial evidence to support the Commissioner's finding, a reviewing court must consider both evidence that supports, and evidence that detracts from, the conclusion and may not affirm the conclusion simply by isolating a specific quantum of supporting evidence.

ANALYSIS

Plaintiff objects to the Magistrate Judge's Report and Recommendation and argues that a review of the administrative record supports her request that the Court reverse the Commissioner's decision and remand the matter for payment of benefits. The Court declines to do so. The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)(citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). That is not this case, to the contrary, the record reveals that a substantial number of issues remain that still need to be resolved before a proper determination of disability can be made.

Plaintiff's opening brief identifies four specific issues:

A. Whether the ALJ properly found Plaintiff could perform her past relevant work as a clerk/administrative assistant, when he found Plaintiff could perform sedentary work, which requires lifting no more than ten pounds and Plaintiff reported that she had to lift up to 20 pounds.

B. Whether the ALJ erred when he found Plaintiff developed ulnar neuropathy after her date last insured.

C. Whether the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.

D. Whether the ALJ gave specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians and instead adopting the testimony of the medical expert.

Plaintiff agrees that the Court should adopt the Magistrate Judge's recommendation that the ALJ erred when he found that Plaintiff could perform her past relevant work, but does not agree that the Court should adopt the remainder of the R&R which recommends finding no error as to the remaining three issues. Plaintiff's argument is well taken.

In order for the Court to properly review the Commissioner's decision the ALJ needs to carefully set out the facts that he relied upon, analyze each step separately and explain his reasoning. Only then may this Court properly perform its review of the record to ensure that the underlying decision is supported by substantial evidence and free of legal error. When discussing whether the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony, the Magistrate Judge notes that the "ALJ essentially combined the discussion of Plaintiff's physical and mental impairments, credibility, and residual functional capacity. By not analyzing each step separately, it is difficult for the Court to parse out the ALJ's discussion of each." R&R, 15. When discussing whether the ALJ gave specific and legitimate reasons for rejecting the opinions of Plaintiff's treating physicians and instead adopting the testimony of the medical expert, the Magistrate Judge notes at page 18 of the R&R, "Again, the Court notes that the ALJ essentially combined the discussion of Plaintiff's physical and mental impairments, credibility, and RFC. By not analyzing each step separately, it is difficult for the Court to parse out the ALJ's discussion of each." While the Magistrate Judge then goes to heroic lengths to review the voluminous record and make specific findings, the Court is not satisfied that it can confidently say that the ALJ's conclusions were in fact supported by substantial evidence and free of legal error. Since Plaintiff's issues C and D are so intertwined with issue B, which is a critical issue for the ultimate finding in this case, the Court will remand the matter in it's entirety to allow the ALJ to make a proper record.

The Court, as Plaintiff alternately requests in her objections, will adopt the Magistrate Judge's reasoning at pages 6-9 of the R&R, and find that the ALJ erred at step four of his analysis when he found that Plaintiff could perform her past relevant work. However, the Court declines to accept the remainder of the R&R and remands the matter for further proceedings to allow the ALJ to address the following issues; a) whether Plaintiff's ulnar neuropathy existed prior to the date last insured; b) re-assess Plaintiff's credibility and, if appropriate, state clear and convincing reasons for rejecting her testimony; and c) re-evaluate the medical opinions of Plaintiff's treating physicians and, if appropriate, state specific and

legitimate reasons for rejecting those opinions.

## CONCLUSION

Based on the foregoing, the Court adopts in part, the Report and Recommendation of the Magistrate Judge and REVERSES the Commissioner's administrative decision and REMANDS for further proceedings consistent with this Order.

DATED this 5th day of April 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE